IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1706-RP |
| | § | |
| MARILYN BOWEN and GWENDOLYN DAPPER, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Lincoln Benefit Life Company's ("Lincoln") Unopposed Motion for Discharge and Dismissal from the Action and for Permanent Injunction and Brief in Support. (Mot., Dkt. 15). Having reviewed the motion and the pertinent law, and in light of Defendants Marilyn Bowen and Gwendolyn Dapper ("Defendants") being unopposed, the Court will grant the motion.

"Interpleader is a device that allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits with respect to the property or fund." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363–64 (5th Cir. 1983)). "The general purpose of interpleader is to 'shield' a plaintiff stakeholder—in this case, [Sun Life]—from liability arising from inconsistent claims to a single fund by 'allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits.'" *Id.* (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006)).

"An interpleader action typically involves two stages." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). "In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Id.* "In determining whether interpleader is proper in the first stage, the district court does not 'consider whether the competing claims are meritorious,' as the first stage of this analysis concerns only 'whether multiple claims have been asserted, or may be asserted, against a disinterested stakeholder, not whether those claims have merit.'" *Bryant*, 2019 WL 7938266, at *9 (quoting *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015)). The party seeking interpleader "must demonstrate that it legitimately fears double or multiple claims directed against a single fund." *Id.* (citing *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999)). However, "claims for interpleader are to be construed liberally" and "even the mere threat of multiple vexation by future litigation provides sufficient basis for interpleader." *Conn. Gen. Life Insur. Co. v. Wermelinger*, 114 F.3d 1181 (5th Cir. 1997); *Tittle*, 463 F.3d at 424 n.10.

If a court determines that the interpleader action has been properly brought, it "may enter an order discharging a disinterested stakeholder, who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry, from liability from further claims to the disputed fund and claims regarding entitlement to the disputed fund and the stakeholder's failure to resolve the dispute in the claimant's favor." *Bryant*, 2019 WL 7938266, at *9. A court may issue a permanent injunction when it discharges a disinterested stakeholder to "give meaning to the plaintiff's discharge and to encourage interpleader actions." *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015). Then, the court will proceed to the second step of the process and "make a determination of the respective rights of the claimants." *Rhoades*, 196 F.3d at 600.

Here, the Court found that interpleader under 28 U.S.C. § 1335 is proper and ordered Lincoln to deposit the proceeds of the policy at issue[1] ("the Policy") into the registry of the Court. (Order, Dkt. 12). Pursuant to the Court's Order, Lincoln deposited the proceeds with the Court. (Receipt, Dkt. 13). Lincoln now asks the Court to discharge it from further liability under the Policy, to dismiss it from this action, and to permanently enjoin Defendants from initiating any future proceedings against it related to the Policy.

The Court concludes that Lincoln is entitled to be released from all liability for claims pertaining to Defendants' dispute over the Policy proceeds. *See* 28 U.S.C. § 2361 ("In any civil action of interpleader . . . [the] district court . . . may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."); *see also Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds."). Now that Lincoln has "tendered the funds from the [policy]" there is "no reason to keep [Lincoln] in a dispute solely between the adverse claimants." *See id.*

Accordingly, Lincoln's request to be discharged from this suit and from further liability for any claims that pertain directly to the Policy proceeds is granted. Lincoln is dismissed, and Defendants are permanently enjoined from filing any lawsuit against Lincoln related to the disputed Policy proceeds. *See* 28 U.S.C. § 2361.

Accordingly, **IT IS ORDERED** that Lincoln Benefit Life Company's Unopposed Motion for Discharge and Dismissal from the Action and for Permanent Injunction and Brief in Support, (Dkt. 15), is **GRANTED**. Lincoln Benefit Life Company is discharged from all liability related to the disputed Policy proceeds or any claims which arise from or relate to the Policy.

---

[1] The Policy at issue in this case is Linda Dapper's Flexible Premium Adjustable Life Insurance Policy No. 01N1A23277.

**IT IS FURTHER ORDERED** that Lincoln Benefit Life Company is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants, and any person or entity acting on their behalf, and any other claimants, are permanently enjoined from instituting, pursuing, or maintaining any legal action or proceeding in any state or federal court or administrative tribunal against Lincoln Benefit Life Company in any way related to or arising from the Policy or the proceeds of the Policy which have been deposited with this Court.

**IT IS FINALLY ORDERED** that, pursuant to the Text Order entered by the Court on February 26, 2026, the parties shall file a proposed agreed scheduling order on or before **March 17, 2026**.

**SIGNED** on March 3, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE